IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **JEFFREY L. SCOTT,**      ) | |
| ) | |
| **Petitioner,**      ) | |
| ) | CIVIL ACTION |
| **v.**      ) | |
| ) | No. 04-3360-KHV |
| **DAVID R. McKUNE, et al.,**      ) | |
| ) | |
| **Respondents.**      ) | |
| _____) | |

## MEMORANDUM AND ORDER

Jeffrey L. Scott, *pro se*, seeks a certificate of appealability under 28 U.S.C. § 2253(c). On October 13, 2005, the Court entered a Memorandum And Order (Doc. #26) which overruled petitioner's request for habeas corpus relief under 28 U.S.C. § 2254. This matter comes before the Court on petitioner's Motion For Certificate Of Appealability (Doc. #28) filed October 26, 2005 and petitioner's Motion For Order (Doc. #31) filed November 4, 2005.

### A.      Motion For Certificate Of Appealability

The denial of a Section 2254 petition is not appealable unless the circuit justice or a circuit or district judge issues a certificate of appealability. See Fed. R. App. P. 22(b)(1); 28 U.S.C. § 2253(c)(1). "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To satisfy this standard, the movant must demonstrate that his motion raises issues that are debatable among jurists, that a court could resolve the issues differently, or that the questions deserve further proceedings. See Slack v. McDaniel, 529 U.S. 473, 483-84 (2000); United States v. Sistrunk, 111 F.3d 91, 91 (10th Cir. 1997). For reasons stated in the

Court's Memorandum And Order (Doc. #26) filed October 13, 2005, the Court finds that petitioner has not made a substantial showing of the denial of a constitutional right. Accordingly, his request for a certificate of appealability is overruled.

### B.     Motion For Order

Petitioner states that he has funds to pay the $255 appellate filing fee, but that he needs a court order in order to access funds in his mandatory savings account. Indeed, because plaintiff has a savings balance of over $500, he does not qualify for in forma pauperis status. See D. Kan. Rule 9.1(g) (absent exceptional circumstances, leave to proceed in forma pauperis may be denied if balance in prisoner's institutional account exceeds $150). The Court therefore orders that plaintiff pay the $255 appellate filing fee on or before **December 9, 2005.**

**IT IS THEREFORE ORDERED** that petitioner's Motion For Certificate Of Appealability (Doc. #28) filed October 26, 2005 be and hereby is **OVERRULED.**

**IT IS FURTHER ORDERED** that petitioner's Motion For Order (Doc. #31) filed November 4, 2005 be and hereby is **SUSTAINED**. On or before **December 9, 2005,** plaintiff shall pay the $255 appellate filing fee.

Dated this 14th day of November, 2005 at Kansas City, Kansas.

> s/ Kathryn H. Vratil
> Kathryn H. Vratil
> United States District Judge

2