# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **JEFFREY L. SCOTT,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | **CIVIL ACTION** |
| v. ) | |
| ) | **No. 04-3360-KHV** |
| **DAVID R. McKUNE, et al.,** ) | |
| ) | |
| **Respondents.** ) | |
| _____) | |

## ORDER

On November 14, 2005, the Court entered an order which denied petitioner a certificate of appealability under 28 U.S.C. § 2253(c) and ordered him to pay the $255 appellate filing fee on or before December 9, 2005.  See Doc. #33.  This matter comes before the Court on petitioner's Motion For Order Directing Kansas Department Of Corrections To Submit Mandatory Appellate Filing Fee ("Motion") (Doc. #34) filed November 23, 2005 and Application To Proceed Without Prepayment Of Fees And Affidavit By A Prisoner (Doc. #35) filed December 5, 2005.

Petitioner states that he has requested Lansing Correctional Facility ("LCF") to pay the filing fee out of his mandatory savings account but LCF refuses to do so.  Petitioner claims that LCF has violated Kansas Department of Corrections ("KDOC") policy and asks this Court to order David C. Ferris, LCF business manager, to submit a check for $255 to the Clerk of this Court.

As an initial matter, petitioner has not shown that LCF has violated KDOC policy.  Petitioner provides a copy of IMPP 04-103, which states in part that "use of the funds in the [mandatory savings] account is restricted to payment of garnishment and, only if the inmate's cash balance is exhausted, civil

filing fees, transcript fees and subpoena costs." See Exhibit B to Motion. Petitioner has not shown that his cash balance is exhausted. More importantly, however, petitioner has not shown that the Court has jurisdiction to order the relief which he requests. Neither LCF nor KDOC is a party to this suit and whether filing fees are payable from an inmate's mandatory savings account is outside the scope of petitioner's claims in this case. It appears that at most, petitioner has grounds for a separate grievance regarding this issue.

Plaintiff seeks to proceed with his appeal *in forma pauperis* pursuant to 28 U.S.C. § 1915. The decision to grant or deny *in forma pauperis* status under Section 1915 lies within the sound discretion of the trial court. Cabrera v. Horgas, No. 98-4231, 1999 WL 241783, at *1 (10th Cir. Apr. 23, 1999); Cross v. Gen. Motors Corp., 721 F.2d 1152, 1157 (8th Cir. 1983); Buggs v. Riverside Hosp., No. 97-1088-WEB, 1997 WL 321289, at *1 (D. Kan. Apr. 9, 1997). The Court has reviewed petitioner's financial affidavit and finds that in light of petitioner's unsuccessful attempts to access the funds in his mandatory savings account, he should be allowed to proceed on appeal *in forma pauperis*.

**IT IS THEREFORE ORDERED** that petitioner's Motion For Order Directing Kansas Department Of Corrections To Submit Mandatory Appellate Filing Fee (Doc. #34) filed November 23, 2005 be and hereby is **OVERRULED.**

**IT IS FURTHER ORDERED** that petitioner's Application To Proceed Without Prepayment Of Fees And Affidavit By A Prisoner (Doc. #35) filed December 5, 2005 be and hereby is **SUSTAINED.**

Dated this 4th day of January, 2006 at Kansas City, Kansas.

s/ Kathryn H. Vratil  
Kathryn H. Vratil  
United States District Judge