# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **JEFFREY L. SCOTT,**               ) | |
|                                                            ) | |
| **Petitioner,**            ) | |
|                                                            ) | **CIVIL ACTION** |
| **v.**                                                 ) | |
|                                                            ) | **No. 04-3360-KHV** |
| **DAVID R. McKUNE, et al.,**  ) | |
|                                                            ) | |
| **Respondents.**         ) | |
| _____) | |

## ORDER

On October 13, 2005, the Court entered judgment denying petitioner's petition for habeas corpus relief under 28 U.S.C. § 2254. See Docs. #26 and #27. On November 4, 2005, petitioner filed a notice of appeal to the Tenth Circuit Court of Appeals. See Doc. #30. This matter comes before the Court on petitioner's Motion Seeking Injunctive Relief (Doc. #40) filed February 7, 2006.

Petitioner states that respondent, David R. McKune, has denied his request to mail pleadings to the Tenth Circuit. Apparently, petitioner wants the Court to order Warden McKune to provide postage stamps for petitioner's legal mail and/or allow petitioner to use funds in his mandatory savings account to purchase postage stamps for his legal mail.[1] Petitioner seeks injunctive relief, alleging that such action

---

[1] On November 23, 2005, petitioner filed a motion which asked the Court to order the business manager of Lansing Correctional Facility to pay his appellate filing fee out of his mandatory savings account. See Motion For Order Directing Kansas Department Of Corrections To Submit Mandatory Appellate Filing Fee ("Motion") (Doc. #34). With the motion, petitioner provided a copy of IMPP 04-103, which states in part that "use of the funds in the [mandatory savings] account is restricted to payment of garnishment and, only if the inmate's cash balance is exhausted, civil filing fees, transcript fees and subpoena costs." See Exhibit B to Motion. On January 4, 2006, the Court overruled the motion, finding that petitioner had not shown that he had exhausted his cash balance or that the Court had jurisdiction to order the requested relief. See Memorandum And Order (Doc. #37) at 2.

denies him access to the courts.

As an initial matter, it appears that petitioner's motion seeks relief outside the scope of this lawsuit. More importantly, however, in light of the pending appeal, the Court lacks jurisdiction to grant substantive relief. See W.N.J. v. Yocom, 257 F.3d 1171, 1172-73 (10th Cir. 2001). Petitioner should take the matter up with the Tenth Circuit Court of Appeals, or file a separate lawsuit to address his complaints in this regard.

**IT IS THEREFORE ORDERED** that petitioner's Motion Seeking Injunctive Relief (Doc. #40) filed February 7, 2006 be and hereby is **OVERRULED.**

Dated this 23rd day of February, 2006 at Kansas City, Kansas.

s/ Kathryn H. Vratil
Kathryn H. Vratil
United States District Judge

2